UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IRINA YESINA

        Plaintiff,

- against -

UNITED STATES OF AMERICA

        Defendant.
-----------------------------------------------------------X

**ORDER**
11-CV-6349 (RRM)(VMS)

ROSLYNN R. MAUSKOPF, United States District Judge:

    Plaintiff Irina Yesina seeks limited discovery to oppose the defendant United States of America's motion to dismiss her complaint under Fed. R. Civ. P. 12(b)(1).  For the following reasons, Yesina's request (Doc. No. 6) is DENIED.

    As alleged in her Complaint, Yesina sustained injuries while riding on a Ferris wheel at Floyd Bennett Field in Brooklyn, New York.  Floyd Bennett Field is part of the National Park System administered by the United States National Park Service.  The Park Service has contracted with Aviator Sports and Recreation Center to manage and operate the recreational facilities at Floyd Bennett Field.

    The United States has moved to dismiss this action on sovereign immunity grounds, arguing that it is not liable for the acts of its independent contractors.  Yesina seeks to depose John Finley, an employee of the National Park Service with responsibilities at Floyd Bennett Field, as well as a representative of the National Park Service police.  By deposing these individuals, Yesina hopes to learn more about such things as whether the defendant had notice of the alleged conditions that resulted in plaintiff's injury, inspected the Ferris wheel at issue and if so, what those inspections revealed, complied with all of its contractual obligations, and more.

1

As a general matter, a plaintiff may be permitted limited discovery in order to oppose a defendant's motion to dismiss for lack of subject matter jurisdiction. *Brocsonic Co. v. M/V "Mathilde Maersk"*, 120 F. Supp. 2d 372, 375 (S.D.N.Y. 2000). The discovery sought here, however, would not shed light on whether Aviator was an independent contractor because that question will be answered by looking to the terms of the contract between Aviator and the National Park Service; it will not depend on whether the United States complied with that contract or inspected the Ferris wheel. That is because "courts look to the terms of the contract to determine whether the Government controlled the detailed physical performance of the contractor or whether the Government supervised the day-to-day operations of the contractor" when deciding whether an entity is independent contractor for purposes of sovereign immunity. *Fraser v. United States*, 490 F. Supp. 2d 302, 310 (E.D.N.Y. 2007) (citations omitted). Discovery regarding whether that contract was adhered to will not answer the relevant question here. *See Moreno v. United States*, 965 F. Supp. 521, 527 (S.D.N.Y. 1997) (denying request for discovery to determine whether the government was aware of allegedly unsafe conditions because such information would be irrelevant to determining whether an entity was an independent contractor).

Accordingly, Yesina's request for discovery is DENIED. The briefing schedule on the motion to dismiss is amended as follows: Plaintiff shall serve her response to the motion to dismiss on Defendant by November 30, 2012. Any reply shall be served, and the fully briefed motion filed with the Court, by December 14, 2012.

SO ORDERED.

Dated: Brooklyn, New York
      November 7, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge